# IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF ALABAMA NORTHERN DIVISION

| | |
|---|---|
| REBECCA MINK, | ) |
| PLAINTIFF, | ) |
| v. | ) CIVIL ACTION NO.: |
| WHEEL WORX, LLC., | ) JURY DEMAND |
| DEFENDANT. | ) |

## COMPLAINT

### I. INTRODUCTION

1. Through this complaint, Plaintiff asserts federal claims of sexual harassment in violation of Title VII of the Act of Congress known as the Civil Rights Act of 1964, 42 U.S.C. Section 2000e et seq., as amended by the Civil Rights Act of 1991, and 42 U.S.C. Section 1981a ("Title VII") against Defendant. Through supplemental jurisdiction, this Court's jurisdiction extends over the related state law claims of invasion of privacy, outrage, and negligent and/or wanton hiring, training, supervision, and/or retention because all such claims arise from a "common nucleus of operative fact."

### II. JURISDICTION, VENUE AND ADMINISTRATIVE PREREQUISITES

2. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331,

1

1343, 2201 and 2202. Venue is proper in the Middle District of Alabama under 28 U.S.C. §1391(b), and the Northern Division pursuant to Title VII's venue provision, 42 U.S.C. § 2000e-5(f).

3. Plaintiff has fulfilled all conditions precedent to the institution of this action under Title VII. Plaintiff timely filed her initial charge of discrimination on December 6, 2023, which was within 180 days of the occurrence of the last discriminatory acts she endured. Plaintiff timely filed her lawsuit within 90 days of the receipt of her Right-To-Sue Letter from the Equal Employment Opportunity Commission, issued on July 2, 2024.

### III. PARTIES

4. Plaintiff, Rebecca Mink ("Plaintiff"), is a resident of Jemison, Alabama, is over the age of nineteen, and is a female citizen of the United States. Plaintiff was an employee of Defendant as defined under Title VII.

5. Defendant Wheel Worx, LLC. ("Defendant") is an entity subject to suit under Title VII and employs at least fifteen (15) persons.

### IV. FACTUAL ALLEGATIONS

6. Plaintiff began working at Wheel Worx, LLC around late March of 2023 as a final inspector where she would inspect train wheels that the company reprofiled.

7. Plaintiff was the only female working there besides the women in the office.

8. During Plaintiff's employment, male co-workers subjected Plaintiff to a

sexually hostile work environment by making lewd and graphic sexual comments to her on a constant and continuous basis and badgering her to have sexual relationships with them.

9. Plaintiff rejected all of her co-workers' sexual advances and made it clear she was not going to have sex with them, but the sexual harassment did not stop.

10. Plaintiff did not receive any sexual harassment policies during her employment.

11. Plaintiff reported the sexual harassment she endured multiple times to multiple individuals who could have stopped the sexual harassment, but none did.

12. Plaintiff initially reported the sexual harassment to a production supervisor named Wesley in the presence of another supervisor named Will.

13. Plaintiff told Wesley that a coworker, whom she understood was named Casey, was making lewd sexual comments to her and following her out to her car.

14. Wesley told Plaintiff that Casey was too touchy for him, but Wesley did nothing to stop the sexual harassment.

15. Plaintiff tried to complain about the treatment she endured directly to the company owner, Gary Schoenfeldt, but an office employee told Plaintiff that Gary did not handle employee issues and did not directly interact with employees on that basis.

16. In September 2023, another co-worker of Plaintiff's was so offended by the

sexually harassing treatment Plaintiff was enduring that he reported it to management, but still, the sexual harassment did not stop.

17. The owner of the company, Gary Schoenfeldt, singled Plaintiff out, asking her if she ever showered because of how nasty and dirty she was despite that being a condition of her work. Schoenfeldt did not make such comments to Plaintiff's male coworkers who were equally dirty.

18. Plaintiff told Schoenfeldt his comments were offensive, and Plaintiff reported Schoenfeldt's comments to managers including Stephen Moore, Will, Wesley and Josh Akers.

19. Akers, who was Plaintiff's direct supervisor, apologized to Plaintiff, telling her that Schoenfeldt had a strange sense of humor.

20. On September 27, 2023, Defendant fired Plaintiff allegedly for attendance points; however, that reason is not true because men have more points than the company said it fired Plaintiff for having, but those men were not similarly terminated.

21. In addition, Plaintiff properly called into work to let her supervisor know when she was going to be off work.

22. When Plaintiff was hired, she had also informed Akers that at least once per month she would have a doctor's appointment.

23. Defendant replaced Plaintiff with a man.

24. Defendant's articulated reason for terminating Plaintiff is not legitimate, and Defendant's reasons are a pretext to hide the fact that it terminated Plaintiff because of her female gender.

25. In the alternative, even if Defendant had a legitimate reason for terminating Plaintiff, her female gender remained at least a motivating factor in the termination decision.

26. Defendant, by and through its agents, engaged in the practices complained of herein with malice and/or with reckless indifference to Plaintiff's federally protected rights.

27. Plaintiff has no plain, adequate or complete remedy at law to redress the wrongs alleged herein and this suit for backpay, declaratory judgment, injunctive relief, compensatory and punitive damages is her only means of securing adequate relief.

28. Plaintiff is now suffering and will continue to suffer irreparable injury from Defendant's unlawful conduct as set forth herein unless enjoined by this Court.

**V.   CAUSES OF ACTION**

    **A.   COUNT I - SEXUAL HARASSMENT UNDER TITLE VII**

29. Plaintiff brings this Count pursuant to Title VII of the Act of Congress known as the Civil Rights Act of 1964 42 U.S.C. Section 2000e et seq., as amended, and 42 U.S.C. Section 1981a.

30. Defendant subjected Plaintiff to a sexually hostile work environment that was sufficiently severe or pervasive to alter the terms and conditions of her employment.

31. The hostile work environment was objectively and subjectively hostile and abusive because a reasonable person would find the work environment endured by Plaintiff hostile and abusive, Plaintiff perceived the environment to be hostile and abusive, and the harassment negatively impacted Plaintiff's employment by making it more difficult for her to do her job.

32. Plaintiff subjectively perceived the sexually harassing treatment she endured to be hostile and abusive, and such conduct actually negatively impacted the conditions of her employment.

33. Defendant failed to guard against the misconduct of its employees, failed to train their managers and employees, failed to monitor their performance and conduct, and failed to take adequate remedial action.

34. Defendant had no effective sexual harassment policies, had no effective procedures for handling complaints of sexual harassment and if Defendant had such a policy it failed to inform Plaintiff of it.

35. Defendant was made aware of this hostile and abusive environment and continuously refused to take appropriate remedial action.

36. Defendant ratified and/or condoned such hostile and abusive behavior by

failing to take appropriate action.

37. Defendant is directly and vicariously liable for the conduct of its employees that amounted to the sexual harassment suffered by Plaintiff.

38. The sexually harassing conduct towards Plaintiff and Defendant's ratification of such conduct adversely affected Plaintiff's job because the conduct unreasonably interfered with Plaintiff's employment to such an extent that it made it more difficult for Plaintiff to do her job.

39. Defendant, by and through its agent, engaged in the practices complained of herein with malice and/or with reckless indifference to Plaintiff's federally protected rights.

40. Plaintiff has no plain, adequate or complete remedy at law to redress the wrongs alleged herein and this suit for backpay, declaratory judgment, injunctive relief, and compensatory and punitive damages is her only means of securing adequate relief.

41. Plaintiff is now suffering and will continue to suffer irreparable injury from Defendant's unlawful conduct as set forth herein unless enjoined by this Court.

### B.     COUNT II  GENDER DISCRIMINATION

42. Defendant discriminated against Plaintiff based on her by taking the above adverse actions against her up to and including terminating her.

43. Defendant's articulated reasons for these adverse employment actions

described in the facts of this complaint are not legitimate; in the alternative, Plaintiff may prevail under a mixed-motive theory, as even if Defendant had legitimate reasons for terminating her, gender was at least a motivating factor in the adverse employment actions Defendant took against her.

44. Said discrimination was done maliciously, willfully, and with reckless disregard for the rights of Plaintiff.

45. Plaintiff has no plain, adequate or complete remedy at law to redress the wrongs alleged herein and this suit for backpay, declaratory judgment, injunctive relief, and the damages sought in this complaint are her only means of securing adequate relief.

46. Plaintiff is now suffering and will continue to suffer irreparable injury from Defendant's unlawful conduct as set forth herein unless enjoined by this Court.

    **C.    COUNT III – INVASION OF PRIVACY**

47. Defendant, through the acts of its agents, invaded the privacy of Plaintiff by intruding into Plaintiff's private seclusion by engaging in the unwelcome sexual conduct as set forth above.

48. Defendant authorized, ratified and/or condoned its agents' actions which amounted to an invasion of Plaintiff's privacy.

49. Defendant engaged in the practices complained of herein with malice and/or with reckless indifference to Plaintiff's rights.

### D. COUNT III – NEGLIGENT AND/OR WANTON HIRING, SUPERVISION, TRAINING, AND/OR RETENTION.

50. This is a claim arising under the law of the State of Alabama to redress the negligent and/or wanton, hiring, supervision, training, and retention of the employee who committed the sexually harassing acts against Plaintiff, including the above-described invasion of privacy in violation of the common law of the State of Alabama.

51. Defendant negligently and/or wantonly failed to adequately hire, supervise, train, and/or negligently retained, its agents or employees which proximately caused the sexually harassing acts against the Plaintiff, including the above-described invasion of privacy in violation of the common law of the State of Alabama.

### E. COUNT IV – OUTRAGE

52. Defendant, by and through its agents and through its own indifference to sexual harassment, outrageously and intentionally inflicted emotional distress upon Plaintiff, by subjecting her to abusive and harmful sexual misconduct which was ratified and condoned by Defendant.

53. Defendant and its agents caused Plaintiff severe emotional distress by such sexual misconduct, beyond what any employee should be expected to endure. Plaintiff's emotional distress was the foreseeable result of Defendant's actions and inactions as set forth above.

54. The conduct described above was extreme, outrageous and beyond the boundaries of decency in a civilized society and caused Plaintiff to suffer emotional distress.

55. Defendant engaged in the practices complained of herein with malice and/or with reckless indifference to Plaintiff's rights.

## VI. DAMAGES

56. Plaintiff is now suffering and will continue to suffer irreparable injury from Defendant's unlawful conduct as set forth herein unless enjoined by this Court.

57. Plaintiff has suffered embarrassment, humiliation, shame, damage to reputation, mental distress, emotional and physical pain and anguish and lost wages and other pecuniary losses as a consequence of Defendant's unlawful conduct.

58. Plaintiff has no plain, adequate or complete remedy at law to redress the wrongs alleged herein and this suit for backpay, declaratory judgment, injunctive relief, and compensatory and punitive damages is her only means of securing adequate relief.

## VII. PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully prays that this Court assume jurisdiction of this action and after trial:

1. Issue a declaratory judgment that the employment policies, practices,

procedures, conditions and customs of Defendant are violative of the rights of Plaintiff as secured by Title VII.

2. Grant Plaintiff a permanent injunction enjoining Defendant, its agents, successors, employees, attorneys and those acting in concert with Defendant and at Defendant's request from continuing to violate Title VII.

3. Enter an Order requiring Defendant and to make Plaintiff whole by awarding her backpay, reinstatement, front pay if reinstatement is not possible, compensatory, punitive, or nominal damages.

4. Plaintiff further prays for such other relief and benefits as the cause of justice may require, including, but not limited to, an award of costs, attorney's fees and expenses and post judgment interest.

**Plaintiff Demands a Trial by Struck Jury on All Issues Triable by a Jury.**

Respectfully submitted,

/s/ Jon C. Goldfarb
Jon C. Goldfarb asb-5401-f58j
L. William Smith asb-8660-a61s
Christina M. Malmat asb-1214-y44q
Counsel for Plaintiff

**OF COUNSEL:**
WIGGINS, CHILDS, PANTAZIS, FISHER,
& GOLDFARB, LLC.
301 19th Street North
Birmingham, Alabama 35203
Telephone No.: (205) 314-0500
Facsimile No.: (205) 254-1500